MAXWELL HARDWARE COMPANY, Respondent, v. HOFF-MAN, Appellant.

(170 N. W. 135).

(File No. 4440.   Opinion filed Dec. 31, 1918).

(1).   **Trover—Conversion—Defense of Lien For Storage Dues, Subsequent Disposal of Property, Effect, Re Lien—Demand, Necessity—Statute.**

In a suit for damages for conversion of personalty, the defense being a claim of lien thereon for storage charges; it appearing that prior to plaintiff's demand for the property, defendant had disposed thereof and parted with its possession, **held**, that since, if defendant had a lien thereon at time of such disposal, it was thereby extinguished (Civ. Code, Sec. 2038); therefore plaintiff need not have tendered or paid storage charges as part of his demand for possession.

(2). **Appeals—Error—No Finding—Sufficiency of Evidence, Defective Assignment of Error.**

There being no finding of fact upon a proposition sought to be litigated on appeal involving evidence, an assignment of error that evidence is insufficient "to sustain the finding" does not bring such matter up for review.

Appeal from the Municipal Court of the City of Sioux Falls, S. D. HON. HENRY A. MILLER, Judge, Pro Tem.

Action by Maxwell Hardware Company, against Jacob P. Hoffman, for damages for conversion of personalty. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*H. F. Fellows,* for Appellant.

*Morris & Fitzpatrick,* for Respondent.

GATES, J. Action for damages for the conversion of a vacuum cleaner and motor. Trial to the court. Judgment for plaintiff. Defendant appeals from the judgment and from the denial of a new trial.

[1] Appellant's argument rests chiefly upon the contention that, inasmuch as he had a lien upon the property for storage charges, the respondent never made a valid demand for the property, since he did not pay or tender the storage charges, and therefore that appellant was not without justification in failing to deliver it. Prior to such demand, appellant had disposed of the property to a junk dealer and did not have it in his possession at the time of the demand. If he had a lien thereon at the time of its disposal, such lien was thereby extinguished. C. C. § 2038. Therefore respondent was under no legal obligation to tender or pay the storage charges as a part of his demand for possession.

[2] But appellant contends that the evidence tends to show that by agreement with respondent he had afterwards, and before the beginning of this action, repurchased the property and held it for, and was willing to deliver it to, respondent upon payment of

his charges. No finding of fact upon this proposition was made or sought. An assignment of error to the effect that the evidence is insufficient to sustain the findings does not bring this matter before us for review.

The judgment and order appealed from are affirmed.